# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

**ROBERT R GROSSMAN RIVERA**
**EILEEN M VICENTE LANDRON**

**Debtor(s)**

**ROBERT R GROSSMAN RIVERA**
**EILEEN M VICENTE LANDRON**

**Plaintiff**

**vs.**

**BANCO POPULAR DE PUERTO RICO**
**ORIENTAL BANK**

**Defendant(s)**

**CASE NO. 13-07968**
**Chapter 13**

**Adversary No. 14-00100**

**FILED & ENTERED ON 6/25/2015**

## OPINION & ORDER

Before the court is a *Motion for Summary Judgment* filed by Defendant[1], Oriental Bank (hereinafter "Defendant") (Dkt. No. 50), and Plaintiffs', Robert Grossman Rivera and Eileen Vicente Landron (hereinafter "Plaintiffs"), *Opposition to Oriental Bank's Motion for Summary Judgment*

---

[1] Defendant Banco Popular and Plaintiff filed a stipulation on September 2, 2014, which the court approved on October 8, 2014 (Dkt. No's 19 and 26), which settled all the claims between them.

1

(Dkt. No. 56). For the reasons stated herein, Defendant's Motion for Summary Judgment is DENIED.

### I. Factual Background

On May 9, 2014, the Plaintiffs commenced this adversary proceeding in order to value and determine the priority and extent of the lien that Defendant holds with respect to Plaintiffs' residential property situated at Hacienda Mi Querido Viejo, 69 Calle Guayacan, Dorado, PR, 00646 (hereinafter, the "Property"), pursuant to 11 U.S.C. § 506(a)(1), § 506(d), and § 1322(b)(2). In its motion, Defendant argues that a lien held against the Property should survive in spite of the provision of section 506 of the Bankruptcy Code sought by the Plaintiffs and prays, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(d).

In the opposing motion, the Plaintiffs are seeking to void their junior mortgage lien under sections 506 and 1322 of the Bankruptcy Code which also provide, "an allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1). The plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1322(b)(2).

### II. Standard of Review

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335

2

F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P.  Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). These showings may not rest upon

3

"conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

### III. Legal Analysis

The Defendant argues that the following two Supreme Court cases are controlling. The Supreme Court, citing 11 U.S.C. §§ 506(a) and 506(d), held that a chapter 7 debtor could not "strip down" creditor's lien on real property to judicially determine the value of collateral. Dewsnup v. Timm, 502 U.S. 410 (1992). Moreover, a chapter 7 debtor may not void a junior mortgage lien under 11 U.S.C. § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral, if the creditor's claim is both secured by a lien and allowed under section 502. Bank of America, N.A. v. Caulkett, Slip Op. No. 13-1421 (June 1, 2015). This Court disagrees.

The term "allowed secured claim," in reference to 11 U.S.C. § 506(a), is a secured claim only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 238-39 (1989). Furthermore, the First Circuit Bankruptcy Appellate Panel explained, "an allowed secured claim cannot exceed the value of the collateral" and held that chapter 13 plans may strip off or void junior

4

residential real property liens that are wholly unsecured. <u>Domestic Bank v. Mann</u>, 249 B.R. 831 (B.A.P. 1st Cir. 2000).

An appraisal presented by the Plaintiffs determines that the current market value of the Property is $240,000.00 (Dkt. No. 1). The appraisal dated February 28, 2014, is consistent with the comparable sales in the area that ranged from $200,000.00 to $250,000.00 (Dkt. No. 1). The Defendant has not provided an appraisal.

The Property is encumbered with a senior mortgage lien and a junior mortgage lien; the latter held by Defendant. Because the amount owed on the senior mortgage is greater than the current market value of the Property, the Defendant would receive nothing if the Property were to be foreclosed. The Defendant's junior mortgage lien is therefore wholly unsecured. 11 U.S.C.A. § 506(a); <u>Domestic Bank v. Mann</u>, 249 B.R. at 833. Summarily, because Defendant's claim is not a priority over a senior lien on the Property, the prohibitions of 11 U.S.C. § 1322(b)(2) against modifying a claim secured by Plaintiffs' principal residence do not apply in the present case.

**IV. Conclusion, Order, and Notice**

The motions and documents filed by the parties lead the court to conclude that there is no dispute as to any material fact in this proceeding. Further, it is evident from these motions and the relevant law, that it is the Plaintiffs, and not the Defendant, who are entitled to judgment as a matter of law. WHEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment shall be, and it hereby is, DENIED.

NOTICE IS HEREBY GIVEN pursuant to Fed. R. Civ. P. 56(f)(1) that unless the Defendant files with the court and serves upon the Plaintiffs on or before July 13, 2015, a pleading responsive

to the court's determination that the Plaintiffs are entitled to summary judgment as a matter of law, the court may enter summary judgment in favor of the Plaintiffs without further notice or a hearing.

IT IS FURTHER ORDERED that the Defendant's response, if filed, shall include: (A) a list of each material fact to which it is contended that there is a genuine issue to be tried, and/or (B) a memorandum of law, and/or a statement otherwise showing cause, as to why summary judgment should not entered in favor of the Plaintiffs in this proceeding. In the event of the timely filing of Defendant's response, the Plaintiffs shall file with the court and serve upon Oriental on or before July 30, 2015, a reply thereto, following which the matter will be ripe for resolution by the court.

SO ORDERED

San Juan, Puerto Rico, this 25th day of June, 2015.

Brian K. Tester
U.S. Bankruptcy Judge