**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>ROBERT R. GROSSMAN RIVERA<br>EILEEN M. VICENTE LANDRON<br><br>**Debtors** | CASE NO. 13-07968 BKT<br>**Chapter 13** |
| ROBERT R. GROSSMAN RIVERA<br>EILEEN M. VICENTE LANDRON<br><br>**Plaintiffs**<br><br>vs.<br><br>BANCO POPULAR<br>ORIENTAL BANK<br><br>**Defendants** | Adversary No. 14-0100 BKT<br><br><span style="color:red">**FILED & ENTERED ON  11/12/2015**</span> |

## OPINION AND ORDER

### I.      Factual Background

On May 9, 2014, Debtors/Plaintiffs commenced this adversary proceeding in order to evaluate and determine the priority and extent of the lien that defendant holds with respect to Plaintiffs' residential property situated at Hacienda Mi Querido Viejo, 69 Calle Guayacan, Dorado, PR, 00646 (hereinafter "Property"), pursuant to 11 U.S.C. § 506(a)(1), § 506(d), and § 1322(b)(2). In its motion for summary judgment, Oriental Bank[1] (hereinafter "Defendant")

---

[1] Defendant, Banco Popular de Puerto Rico and Plaintiffs filed a stipulation on September 2, 2014, which the court approved on October 8, 2014 (Dkt. No's. 19 and 26), which settled all the claims between them.

argued that a lien held against the Property should survive in spite of the provision of section 506 of the Bankruptcy Code used by the Plaintiffs and prays, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(d).

In the opposing motion, Plaintiffs sought to void their junior mortgage lien under sections 506 and 1322 of the Bankruptcy Code, which also provide, "an allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1). The plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1322(b)(2). The Plaintiffs also presented an appraisal in which the current market value of the Property is $240,000.00 (Dkt. No. 1). The appraisal was dated February 28, 2014, and comparable sales in the area ranged from $200,000.00 to $250,000.00 (Dkt. No. 1). Plaintiffs' Chapter 13 schedules listed the value of the Property at $254,000.00 (Main Case Dkt. No. 1).

This Court denied Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f)(1), and entered a tentative ruling in favor of the Plaintiffs. The court then allowed each party to file a response pursuant to Fed. R. Civ. P. 56(f)(1) [Dkt. No. 62].

In its motion in compliance with this Court's ruling, the Defendant argues that there is a material issue of fact that must be determined by the court, *i.e.* what is the appropriate method for valuation and the extent of the bank's security rights over the Property? Defendant also provides for the first time an exterior only inspection residential appraisal report, dated July 17, 2014, which values the property at $311,000.00, with comparable property values between

$250,000.00 and $317,000.00. The Plaintiffs filed their reply and stated that the only issue of material fact is the value of the Property and requests that the court allow depositions of the appraisers and schedule a pre-trial hearing [Dkt. No's 64 and 65].

## II.     Legal Analysis

Section 506 indicates how courts are to establish the value of property in order to determine if a creditor's claim is secured. TD Bank, N.A. v. Landry, 479 B.R. 1, 4 (D. Mass. 2012). The First Circuit Bankruptcy Appellate Panel held that a wholly unsecured claim is not protected from modification under § 1322(b)(2). Therefore, "the holder of a wholly unsecured mortgage on a debtor's principal residence is not entitled to the protection of § 1322(b)(2)." In re Mann, 249 B.R. 831, 836 (B.A.P. 1st Cir. 2000). Summarily, a wholly unsecured claim on a residence where there is an insufficient value of the home to support the claim, may be avoided in full in the chapter 13 plan. TD Bank, N.A. v. Landry, 479 B.R. at 4 (D. Mass. 2012).

The date of the valuation of the property will also affect the protection from modification under § 1322(b)(2) of a wholly unsecured mortgage. TD Bank, N.A. v. Landry, 479 B.R. at 4 (D. Mass. 2012). "It may be appropriate to value the claim at the time of effective date of the plan; however, if the purpose of the valuation is to determine whether a creditor's claim is entitled to certain statutory protections, it may be appropriate to fix the value of the property as of the petition date. TD Bank, N.A. v. Landry, 479 B.R. 1, 5 (D. Mass. 2012), *citing* In re Mann, 249 B.R. at 838. Furthermore, "if the possibility of property appreciation were to preclude lien avoidance, no final determination could ever be made in a bankruptcy case." In re Mann, 249 B.R. at 838 (B.A.P. 1st Cir. 2000). "For the purpose of determining exemptions, valuations

should be fixed and not be made subject to later determinations." Cf. Snyder v. Rockland Trust Co., 249 B.R. 40 (1st Cir. BAP 2000).

After reviewing the arguments of the parties, and the relevant law, this Court concludes that there is a genuine issue as to a material fact, specifically, whether the value of the property at the center of this dispute is $240,000.00 as Plaintiffs contend, or $311,000.00 as now put forth by Defendant. This is a material fact that mandates an evidentiary hearing. Accordingly, neither party is entitled to judgment as a matter of law.

**III. Conclusion**

WHEREFORE, IT IS ORDERED Defendant's Motion for Summary Judgment shall be, and hereby is, DENIED.

The Clerk shall schedule a final pre-trial hearing with a joint pre-trial report due seven (7) days prior to the hearing.

SO ORDERED

San Juan, Puerto Rico, this 12th day of November, 2015.

Brian K. Tester
U.S. Bankruptcy Judge